**CASS et al. v. GREEN et al.   (No. 6164.)**

(Court of Civil Appeals of Texas. Austin. Feb. 2, 1921.)

**1. Evidence �köß242(7)—Conversation between agent of lessee and opposing claimant held admissible.**

On the issue of title to a strip between lots of plaintiff and defendant, where defendants claimed under the statute of limitations, evidence of a conversation or agreement between one of the plaintiffs and the manager of the lessee of defendants' lot concerning the strip in controversy, though made outside the presence of defendants, was admissible, where it was not conclusively shown that defendants had possession of all the property in controversy prior to that time.

**2. Trial ⊫ß207 — Court should limit evidence admissible only under controverted situation.**

Where evidence of a conversation between defendants' lessee and plaintiffs was admitted only because it was not conclusively shown that prior thereto defendants had possession of the strip in controversy, the court should instruct the jury that if defendants' were in possession of the entire strip in controversy prior to the conversation the agreement between plaintiff and his lessee would not be binding upon him, but that if possession was secured by the lessee by the contract with plaintiff the lessee's possession would not support defendants' plea of limitations.

Supplemental opinion.
For former opinion, see 224 S. W. 938.

KEY, C. J. Appellants have presented to this court a motion, complaining of our last ruling concerning the testimony of the witnesses, Elbert Hood and Otto Zavasch, and contending that the testimony referred to concerning a transaction between the two above-named witnesses, in regard to the possession of the property in controversy, in the absence of Mrs. Cass or her husband, under whom she claims, was hearsay and not admissible.

[1, 2] Mrs. Cass offered testimony tending to show that she and her husband had leased their property to the Milam County Lumber Company, and at the time of the transaction between Elbert Hood and Otto Zavasch, the latter was manager of the lumber company. There was evidence tending to show possession of the property in controversy by Dr. Cass prior to the conversation or agreement between Elbert Hood and Otto Zavasch. But it was not conclusively shown that Dr. Cass

---

⊫ßFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

had possession of all the property in controversy prior to that time; and therefore we hold that the testimony was admissible, but agree with appellants that it was proper for the trial court to instruct the jury as to the purposes for which it might be considered. If Dr. Cass was already in possession of the entire strip of land in controversy prior to that time, then the agreement between Hood and the lumber company would not be binding upon him. But, if he did not have such prior possession, and possession was secured by a contract between Hood and the lumber company, acting by Zavasch, then such possession would not avail in support of Mrs. Cass' plea of limitation, because it would not be adverse possession.

These observations will sufficiently indicate to the trial court the view we entertain as to how the question under consideration should be dealt with, upon another trial.